Ms. Diane C. Bray, President L.O.C.A.L. c/o Mr. Frank J. Wills III 401 West Capitol, Suite 555 Little Rock, Arkansas 72201
Dear Ms. Bray:
This is in response to your request, pursuant to A.C.A. § 7-9-107
(Repl. 1993), for certification of the following proposed popular name and ballot title for a proposed constitutional amendment:[1]
(Popular Name)
 AN AMENDMENT TO CREATE THE ARKANSAS LOTTERY AND CASINO COMMISSION, TO ESTABLISH THE ARKANSAS LOTTERY AND TO AUTHORIZE CASINO GAMBLING BY CASINOS APPROVED BY THE COMMISSION AT THREE DESIGNATED LOCATIONS, AT FOUR UNDESIGNATED LOCATIONS, AND OTHERWISE IN THE STATE WHERE APPROVED BY THE VOTERS BY LOCAL OPTION ELECTION
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION ESTABLISHING THE ARKANSAS LOTTERY AND CASINO COMMISSION CONSISTING OF FIVE (5) MEMBERS APPOINTED BY THE GOVERNOR FOR TERMS OF UP TO FIVE (5) YEARS AND LIMITING MEMBERS TO TWO (2) TERMS; AUTHORIZING REMOVAL OF MEMBERS BY THE GOVERNOR FOR CAUSE; PROVIDING FOR DUTIES OF COMMISSION DIRECTOR; EMPOWERING COMMISSION TO LICENSE AND REGULATE CASINOS, AND SET FINES AND PENALTIES, AND INVESTIGATE CASINO LICENSE APPLICANTS; ESTABLISHING INITIAL CASINO APPLICATION AND LICENSING FEES AND ALLOWING THE COMMISSION TO SET SUBSEQUENT FEES; ESTABLISHING A STATE LOTTERY OPERATED BY THE COMMISSION, PROVIDING THAT THE TOTAL REVENUES DERIVED FROM LOTTERY TICKET SALES SHALL BE ALLOCATED BY THE COMMISSION AS FOLLOWS: NO LESS THAN FIFTY PERCENT (50%) TO LOTTERY PRIZES, NO LESS THAN THIRTY-FIVE PERCENT (35%) TO FUNDS MANDATED HEREIN FOR APPROPRIATION BY THE GENERAL ASSEMBLY IN AMOUNTS PRESCRIBED FOR THE GENERAL OPERATION OF STATE GOVERNMENT, STATE HIGHWAYS, LAW ENFORCEMENT AND CRIME PREVENTION, NATURAL RESOURCES, AND TREATMENT OF ALCOHOL AND GAMBLING RELATED ADDICTIVE BEHAVIOR; NO MORE THAN TEN PERCENT (10%) FOR OPERATION OF THE LOTTERY AND FIVE PERCENT (5%) FOR COMMISSIONS TO TICKET RETAILERS; AUTHORIZING CASINO GAMBLING AS DEFINED HEREIN BY LICENSEES APPROVED BY THE COMMISSION; DESIGNATING ONE (1) SPECIFIC SITE IN EACH OF PULASKI, GARLAND AND CHICOT COUNTIES FOR CASINO LICENSING; PROVIDING THAT FOUR (4) ADDITIONAL LICENSES MAY BE ISSUED, ONE (1) IN PULASKI, ONE (1) IN GARLAND AND TWO (2) IN CRITTENDEN COUNTIES; AUTHORIZING ONE (1) CASINO LICENSE IN EACH OF SEBASTIAN, PHILLIPS, CHICOT, PULASKI, CARROLL, CRITTENDEN, GARLAND AND MILLER COUNTIES, IF APPROVED BY THE VOTERS IN A LOCAL OPTION ELECTION IN THOSE COUNTIES; AUTHORIZING UP TO FIVE (5) ADDITIONAL AT LARGE CASINO LICENSE TO BE LOCATED IN ANY COUNTY WHERE APPROVED BY THE VOTERS IN A LOCAL OPTION ELECTION; NO MORE THAN TWENTY (20) CASINOS MAY BE SIMULTANEOUSLY OPERATED; PROVIDING FOR LOCAL OPTION CASINO ELECTIONS UPON PETITION BY TWENTY (20) PERCENT OF THE QUALIFIED VOTERS IN THE COUNTY AND OTHERWISE PURSUANT TO AMENDMENT 7 TO THE ARKANSAS CONSTITUTION, EXCEPT THAT THE COUNTY CLERK MUST MAKE A SUFFICIENCY DETERMINATION WITHIN TEN (10) DAYS OF SUBMISSION; EXEMPTING APPROVED DESIGNATED SITES FROM LAND USE PROHIBITIONS; EXEMPTING CASINO ALCOHOL SALES FROM TIME RESTRICTIONS; LEVYING AN EXCLUSIVE EIGHT (8) PERCENT TAX ON CASINO GROSS GAMBLING REVENUES AS DEFINED HEREIN AND PROHIBITING ADDITIONAL TAXES ON GROSS GAMBLING REVENUES; PROVIDING THAT CASINOS PAY STATE INCOME TAXES AT THE SAME RATE IMPOSED UPON PARI-MUTUEL WAGERING ESTABLISHMENTS; AUTHORIZING IMPORTATION OF GAMBLING DEVICES; PROVIDING THAT REVENUES FROM CASINO TAXES, FEES, AND FINES, LESS COMMISSION EXPENSES, SHALL BE ALLOCATED AS FOLLOWS: FORTY PERCENT (40%) FOR THE STATE HIGHWAY SYSTEM, TWENTY-FIVE PERCENT (25%) FOR LAW ENFORCEMENT AND CRIME PREVENTION ON A PER CAPITA BASIS TO INCORPORATED MUNICIPALITIES AND COUNTIES STATEWIDE, TWENTY PERCENT (20%) FOR LAW ENFORCEMENT AND CRIME PREVENTION TO MUNICIPALITIES AND COUNTIES IN WHICH CASINO GAMBLING IS CONDUCTED BASED UPON THE AMOUNT OF GAMBLING REVENUES COLLECTED FROM EACH COUNTY, TEN PERCENT (10%) FOR THE PRESERVATION AND PROMOTION OF NATURAL RESOURCES, FIVE PERCENT (5%) FOR THE PREVENTION OF ALCOHOL AND GAMBLING RELATED ADDICTIVE BEHAVIOR; PROHIBITING LOTTERY TICKET SALES TO AND CASINO GAMBLING BY MINORS, ON CREDIT, OR THROUGH ANY PURCHASER-OPERATED SYSTEM; PROVIDING THAT PARI-MUTUEL WAGERING ON HORSES AND GREYHOUNDS AS OTHERWISE AUTHORIZED SHALL NOT BE CONFLICTING; EXEMPTING BINGO GAME GAMBLING IF OTHERWISE AUTHORIZED; PROHIBITING OTHER WAGERING; REQUIRING GENERAL ASSEMBLY TO ENACT NECESSARY LEGISLATION; REPEALING LAWS IN CONFLICT NOT EXCEPTED; PROHIBITING MODIFICATION OR REPEAL EXCEPT BY MAJORITY VOTE AT GENERAL ELECTION; PROVIDING PROVISIONS ARE SEVERABLE; MAKING AMENDMENT EFFECTIVE WHEN APPROVED; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my opinion that a more suitable popular name should be substituted for the one proposed. The submitted popular name is therefore rejected, and the following substituted in its place:
(Popular Name)
 AN AMENDMENT TO CREATE THE ARKANSAS LOTTERY AND CASINO COMMISSION, TO ESTABLISH THE ARKANSAS LOTTERY AND TO AUTHORIZE CASINO GAMBLING BY LICENSEES APPROVED BY THE COMMISSION AT THREE DESIGNATED SITES (AS SPECIFIED BY LEGAL DESCRIPTION IN THE AMENDMENT), AT FOUR UNDESIGNATED LOCATIONS IN SPECIFIED COUNTIES, AND AT THIRTEEN OTHER UNDESIGNATED LOCATIONS IF APPROVED BY THE VOTERS AT A COUNTY LOCAL OPTION ELECTION
In addition, in my opinion a more complete ballot title should be substituted for the one proposed in order to give the voter a better understanding of the issues presented. The proposed ballot title is therefore rejected, and the following substituted therefor:
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION CREATING THE ARKANSAS LOTTERY AND CASINO COMMISSION, TO CONSIST OF FIVE (5) MEMBERS APPOINTED BY THE GOVERNOR; PROVIDING FOR A DIRECTOR TO BE APPOINTED BY THE GOVERNOR; AUTHORIZING REMOVAL OF COMMISSION MEMBERS OR DIRECTOR BY THE GOVERNOR FOR CAUSE; EMPOWERING THE COMMISSION TO LICENSE AND REGULATE GAMBLING CASINOS, INCLUDING THE POWER TO ADOPT RULES, SET AND ASSESS FINES FOR VIOLATIONS OF ITS RULES, INVESTIGATE CASINO LICENSE APPLICANTS, ISSUE SUBPOENAS, AND COMPEL COMPLIANCE WITH ITS RULES; ESTABLISHING INITIAL CASINO APPLICATION AND LICENSE FEES AND ALLOWING THE COMMISSION TO ADOPT A DIFFERENT FEE SCHEDULE THEREAFTER; ESTABLISHING A STATE LOTTERY, TO BE OPERATED BY THE COMMISSION; PROVIDING THAT THE REVENUES DERIVED FROM LOTTERY TICKET SALES SHALL BE ALLOCATED AS FOLLOWS: NO LESS THAN 50% FOR LOTTERY PRIZES; NO LESS THAN 35% TO A FUND TO BE APPROPRIATED BY THE GENERAL ASSEMBLY IN SPECIFIED PERCENTAGES FOR THE GENERAL OPERATION OF STATE GOVERNMENT, FOR STATE HIGHWAYS, PUBLIC SAFETY, NATURAL RESOURCES PRESERVATION AND PROMOTION AND THE PREVENTION OF ALCOHOL AND GAMBLING-RELATED ADDICTIVE BEHAVIOR; NO MORE THAN 10% FOR OPERATION OF THE LOTTERY; AND 5% FOR COMMISSIONS TO LOTTERY TICKET RETAILERS; AUTHORIZING CASINO GAMBLING BY LICENSEES APPROVED BY THE COMMISSION; DESIGNATING ONE (1) SPECIFIC SITE, AS SET FORTH BY LEGAL DESCRIPTION, IN EACH OF PULASKI, GARLAND AND CHICOT COUNTIES FOR CASINO LICENSING; PROVIDING THAT FOUR (4) ADDITIONAL LICENSES MAY BE ISSUED, ONE (1) IN PULASKI, ONE (1) IN GARLAND AND TWO (2) IN CRITTENDEN COUNTIES; AUTHORIZING ONE (1) CASINO LICENSE IN EACH OF SEBASTIAN, PHILLIPS, CHICOT, PULASKI, CARROLL, CRITTENDEN, GARLAND AND MILLER COUNTIES, IF APPROVED BY THE VOTERS IN A LOCAL OPTION ELECTION IN THOSE COUNTIES; AUTHORIZING UP TO FIVE (5) ADDITIONAL AT-LARGE CASINO LICENSES ANYWHERE IN THE STATE AFTER APPROVAL BY THE VOTERS IN A COUNTY LOCAL OPTION ELECTION; PROVIDING THAT NO MORE THAN TWENTY (20) LICENSED CASINOS MAY BE SIMULTANEOUSLY OPERATED; PROVIDING FOR LOCAL OPTION CASINO ELECTIONS UPON PETITION BY TWENTY PERCENT (20%), AS DETERMINED BY THE COUNTY CLERK WITHIN TEN (10) DAYS OF SUBMISSION, OF THE QUALIFIED VOTERS IN A COUNTY; EXEMPTING APPROVED DESIGNATED SITES FROM LAND USE PROHIBITIONS; EXEMPTING CASINOS FROM RESTRICTIONS AS TO WHEN ALCOHOL MAY BE SOLD; LEVYING AN EIGHT PERCENT (8%) TAX ON CASINO GROSS GAMBLING REVENUES, AS DEFINED IN THE AMENDMENT, AND PROHIBITING ADDITIONAL TAXES ON SUCH GROSS GAMBLING REVENUES; REQUIRING CASINOS TO PAY STATE INCOME TAXES AT THE SAME RATE IMPOSED UPON PARI-MUTUEL WAGERING ESTABLISHMENTS; AUTHORIZING IMPORTATION OF GAMBLING DEVICES BY CASINO LICENSEES; PROVIDING THAT REVENUES FROM CASINO TAXES, FEES AND FINES, LESS COMMISSION EXPENSES, SHALL BE ALLOCATED AS FOLLOWS: 40% FOR THE STATE HIGHWAY SYSTEM; 25% FOR PUBLIC SAFETY ON A PER CAPITA BASIS TO MUNICIPALITIES AND COUNTIES STATEWIDE; 20% FOR PUBLIC SAFETY PURPOSES TO MUNICIPALITIES AND COUNTIES IN WHICH CASINO GAMBLING IS CONDUCTED, BASED UPON THE AMOUNT OF GAMBLING REVENUES COLLECTED IN EACH COUNTY; 10% FOR NATURAL RESOURCES PRESERVATION AND PROMOTION; AND 5% FOR THE PREVENTION OF ALCOHOL AND GAMBLING-RELATED ADDICTIVE BEHAVIOR; PROHIBITING LOTTERY TICKET SALES TO MINORS, OR ON CREDIT, OR THROUGH ANY PURCHASER-OPERATED SYSTEM; PROHIBITING PERSONS UNDER EIGHTEEN (18) FROM GAMBLING AT A CASINO; PROVIDING THAT PARI-MUTUEL WAGERING ON HORSES AND GREYHOUNDS AS OTHERWISE AUTHORIZED SHALL NOT BE CONFLICTING; EXEMPTING BINGO GAME GAMBLING IF OTHERWISE AUTHORIZED; PROVIDING THAT SUCH OTHER GAMBLING OR WAGERING AS MAY BE APPROVED BY THE VOTERS OF THE STATE OR THE GENERAL ASSEMBLY SHALL BE CONSIDERED AN AUTHORIZED ACTIVITY UNDER THIS AMENDMENT; PROHIBITING ALL WAGERING ACTIVITIES OTHER THAN THOSE AUTHORIZED BY ARKANSAS LAW OR THIS AMENDMENT; REQUIRING THE GENERAL ASSEMBLY TO ENACT THE NECESSARY LEGISLATION TO IMPLEMENT THE PROVISIONS OF THIS AMENDMENT; REPEALING ALL EXISTING CONSTITUTIONAL PROVISIONS, LAWS AND PARTS OF LAWS IN CONFLICT WITH THIS AMENDMENT, EXCEPT AS OTHERWISE STATED IN THE AMENDMENT, TO THE EXTENT OF SUCH CONFLICT; PROHIBITING MODIFICATION OR REPEAL OF THIS AMENDMENT EXCEPT BY MAJORITY VOTE AT A GENERAL ELECTION HELD FOR THAT PURPOSE; MAKING THE AMENDMENT EFFECTIVE UPON PASSAGE AND RENDERING ITS PROVISIONS SEVERABLE; PROVIDING THAT THE PROVISIONS OF THE AMENDMENT ARE SELF-EXECUTING; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] A popular name and ballot title concerning the same subject was certified to you on October 18, 1994, as evidenced by Op. Att'y Gen. No. 94-320.